# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

AKILAH SHABAZZ,

Defendant.

NO. 3:12-CR-64

(JUDGE CAPUTO)

## MEMORANDUM ORDER

On June 12, 2012, Defendant Akilah Shabazz was charged in an eighteen-count Superseding Indictment with one count of Conspiracy in violation of 18 U.S.C. § 371, nine counts of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1), one count of Fraud and Related Activity in Connection with Identification Documents in violation of 18 U.S.C. § 1028(a)(3), and seven counts of Fictitious Obligations in violation of 18 U.S.C. § 514(a)(2). (Doc. 56.) Prior to the start of trial on November 5, 2012, Mr. Shabazz pleaded guilty to the Conspiracy charge. On November 7, 2012, the jury returned a verdict finding him guilty of the remaining seventeen counts. (Doc. 132.) He is currently detained and is scheduled to be sentenced on May 21, 2013.

On November 21, 2012, Mr. Shabazz filed a *pro se* Motion to Petition Court to Pay for Transcripts. (Doc. 139.) He seeks the Court to provide him with free transcripts of the of the suppression hearing held on August 9, 2012 and the jury trial held on November 5–7, 2012 in this matter. (*Id.*) He states that he has no way of paying for these transcripts, which he asserts are necessary to prepare an appeal of his conviction.[1] (*Id.*)

---

[1] On November 16, 2012, Mr. Shabazz filed a *pro se* Notice of Appeal and indicated that he was appealing the denial of his motion to suppress (Doc. 87) and the jury verdict against him. (Doc. 134.) The Third Circuit has stayed the appeal pending the Court's entry of a Judgment and Commitment order. (Doc. 136.)

An indigent convict has a right to receive a transcript of his trial or some appropriate equivalent to the extent necessary to prepare an appeal of his conviction. *Draper v. Washington*, 372 U.S. 487, 497 (1963); *Eskridge v. Washington State Bd. of Prison Terms & Paroles*, 357 U.S. 214, 216 (1958); *Griffin v. Illinois*, 351 U.S. 12, 19–20 (1956). Although "government monies may be allocated to fund the preparation of transcripts under 28 U.S.C. § 753(f)," the statute[2] "allows litigants to receive transcripts at public expense only if they are proceeding *in forma pauperis* . . . ." *Walker v. People Exp. Airlines, Inc.*, 886 F.2d 598, 600 (3d Cir. 1989). "[T]ranscripts may be secured at public cost by litigants who are granted partial *in forma pauperis* status, provided that a certification that the appeal is not frivolous . . . is made." *Id.* at 601. To qualify for partial *in forma pauperis* status, a litigant must show via an affidavit with particularized information regarding his financial status "that he is unable to pay the particular cost at issue." *Id.* at 601–02. His "ability to pay must be assessed in light of the magnitude of the proposed expenditure." *Id.* at 601. The Court must rigorously examine applications for partial *in forma pauperis* status "to ensure that the treasury is not unduly imposed upon." *Id.*

Although Mr. Shabazz has not filed a financial affidavit in support of his motion, he did file one in February 2012 (Doc. 9), prior to the first of two appointments of CJA counsel

---

[2] 28 U.S.C. § 753(f) provides, in relevant part:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A) . . . shall be paid by the United States out of moneys appropriated for those purposes. . . . Fees for transcripts furnished in other proceedings to persons admitted to appeal in forma pauperis shall also be paid by the United States if the trial judge . . . certifies that the appeal is not frivolous (but presents a substantial question).

2

in this matter.[3] The affidavit shows that prior to his detention, Mr. Shabazz was self-employed, earned a monthly salary of $1,500.00, and had monthly expenses of $1,100.00. (Doc. 9.) According to the docket entries, the August 2012 suppression hearing lasted one full day (Doc. 71) and the November 2012 trial lasted three full days (Docs. 137,138, 141). These two proceedings generated nearly 750 pages of transcripts. As the ninety-day inspection and redaction period for these transcripts has passed, it would cost Mr. Shabazz $75.00 to print the transcripts at the Clerk's Office public terminal. The Court, in balancing Mr. Shabazz's financial status against the cost of the hearing and trial transcripts, finds that he is unable to pay the cost of printing these transcripts and grants him partial *in forma pauperis* status.

However, the Court must also determine whether Mr. Shabazz's appeal is frivolous. *See Walker*, 886 F.2d at 601 ("[T]ranscripts may be secured at public cost by litigants who are granted partial *in forma pauperis* status, provided that a certification that the appeal is not frivolous, but presents a substantial question, is made."). "An appeal is frivolous where none of the legal points is arguable on the merits." *Muhammad El Ali v. Vitti*, 218 F. App'x 161, 163 (3d Cir. 2007) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). An appeal presents a "substantial question" when the "significant question at issue is one which is

---

[3] On February 7, 2012, the Court appointed Joseph Nahas to represent Mr. Shabazz in this matter. (Doc. 10.) On March 2, 2012, Patrick Casey and Nicholas Kravitz entered their appearances as counsel for Mr. Shabazz. (Docs. 19–20.) On September 4, 2012, Mr. Casey was admitted to the CJA Panel *pro hac vice* and appointed by the Court to represent Mr. Shabazz. (Doc. 79.) However, Messrs. Casey and Kravitz moved to withdraw as Mr. Shabazz's counsel on September 7, 2012 because Mr. Shabazz wished to represent himself. (Doc. 81.) The Court granted the motion on September 12, 2012 (Doc. 85), and Mr. Shabazz has proceeded *pro se* since.

3

either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985). A question is significant if it is "fairly debatable." *United States v. Smith*, 793 F.2d 85, 89 (3d Cir. 1986).

Here, Mr. Shabazz plans to appeal the Court's denial of his suppression motion (Doc. 87) as well as the jury verdict against him. (Doc. 134.) The Court cannot say at this point that none of Mr. Shabazz's legal points are arguable on the merits. In particular, his Fourth Amendment arguments concerning the denial of his suppression motion could be seen as fairly debatable. The Court thus finds that Mr. Shabazz's appeal is not frivolous and presents a substantial question. Because the Court has granted Mr. Shabazz partial *in forma pauperis* status and certified that his appeal is not frivolous, his motion (Doc. 139) will be granted and he will receive transcripts of the August 2012 suppression hearing and the November 2012 trial in this matter at public expense.

**NOW**, this 16th day of May, 2013, **IT IS HEREBY ORDERED** that:

1. Defendant Akilah Shabazz's *pro se* Motion to Petition Court to Pay for Transcripts (Doc. 139) is **GRANTED**.

2. The United States shall provide Mr. Shabazz with full and complete transcripts of the August 9, 2012 suppression hearing (Doc. 71) and November 5–7, 2012 trial (Docs. 137, 138, 141) in this matter at no cost to him.

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge