# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | NO. 3:12-CR-64 |
| AKILAH SHABAZZ, | (JUDGE CAPUTO) |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendant Akilah Shabazz's Motion for Release Pending Appeal. (Doc. 142.) In November 2012, Mr. Shabazz pleaded guilty to Conspiracy and was convicted by a jury for crimes of Aggravated Identity Theft, Fraud and Related Activity, and Fictitious Obligations. He was sentenced to fifty-four months in prison on May 21, 2013 and seeks release pending the Third Circuit's resolution of his appeal. Because Mr. Shabazz has not shown by clear and convincing evidence that, if released, he would not be likely to flee or pose a danger to the safety of another person or the community, his motion will be denied.

## BACKGROUND

In June 2012, Mr. Shabazz was charged in an eighteen-count Superseding Indictment with one count of Conspiracy in violation of 18 U.S.C. § 371, nine counts of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1), one count of Fraud and Related Activity in Connection with Identification Documents in violation of 18 U.S.C. § 1028(a)(3), and seven counts of Fictitious Obligations in violation of 18 U.S.C. § 514(a)(2). (Doc. 56.) Prior to the start of trial on November 5, 2012, Mr. Shabazz pleaded guilty to the Conspiracy charge. On November 7, 2012, after three days of trial, the jury returned a verdict finding him guilty of all seventeen counts remaining against him. (Doc. 132.) Mr. Shabazz filed a *pro se* Notice of Appeal on November 16, 2012. (Doc. 134.) The Third Circuit has stayed the

appeal pending the Court's entry of a Judgment and Commitment order.  (Doc. 136.)

On January 28, 2013, Mr. Shabazz filed his Motion for Release Pending Appeal. (Doc. 142.)  He contends that release pending the Third Circuit's resolution of his appeal is warranted because he does not present a risk of flight or danger to the community and a favorable ruling on appeal would result in a complete reversal of all his convictions.  (Doc. 143 at 1–3.)  The government disagrees and argues that the motion should be denied because Mr. Shabazz cannot establish by clear and convincing evidence that he is not a flight risk or that he is not a danger to society, *inter alia*.  (Doc. 145 at 2.)

Pursuant to Mr. Shabazz's request, the Court heard argument regarding his motion at his sentencing hearing on May 21, 2013.  The motion has been fully briefed and is ripe for disposition.

## **DISCUSSION**

**A.    Legal Standard**

Under 18 U.S.C. § 3143(b), a defendant who has appealed his conviction is entitled to release pending appeal only if a court finds:

> (A) by *clear and convincing evidence* that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; *and*
>
> (B) that the appeal is not for purposes of delay and raises a *substantial question of law or fact* likely to result in-
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal

process.

18 U.S.C. § 3143(b)(1) (emphasis added). In *United States v. Miller*, 753 F.2d 19, 22-23, (3d Cir. 1985), the Third Circuit construed the original version of the statute, which is nearly identical to the statute in its present form, as follows:

> [U]nder the criteria established by the 1984 Act which the defendant now has the burden of proving if s/he seeks bail pending appeal, the court must find:
>
> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) that the appeal is not for purposes of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*Miller*, 753 F.2d at 24. To fall within the exceptional circumstances that warrant release pending appeal, Mr. Shabazz has the burden of satisfying all four *Miller* requirements.

### B. Mr. Shabazz's Motion for Release Pending Appeal (Doc. 142)

As set forth above, for Mr. Shabazz to be entitled to release pending appeal he must first establish by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of others or the community. *See* 18 U.S.C. § 3143(b)(1)(A). Mr. Shabazz states that he has no intention of fleeing and, in support, asserts without documentation that he never failed to appear while on bail in a federal criminal case in 1999. (Doc. 143 at 1.) He also submits that he poses no danger to the safety of others or the community, noting that he practices non-violence and has never been charged with a crime of violence. (*Id.*)

In response, the government contends that Mr. Shabazz is a flight risk, as he has

3

been charged with fraud-related crimes in several states and his "[a]rrest records further indicate that [he] has a history of using numerous aliases, dates of birth, and social security numbers." (Doc. 145 at 4.) The government also argues that Mr. Shabazz poses an economic danger to the community at large, especially given the lack of evidence that he "would be functionally unable to carry out any further fraudulent schemes." (*Id.*)

The Court agrees and finds that Mr. Shabazz has not met his burden of showing by clear and convincing evidence, that, if released, he would not be likely to flee or pose a danger to the safety of any other person or the community. *See United States v. Provezano*, 605 F.2d 85, 95 (3d Cir. 1979) (holding that "safety" for purposes of the Bail Reform Act contemplates criminal activity beyond violence); *United States v. Reyonolds*, 956 F.2d 192, 193 (9th Cir. 1992) (affirming district court's finding that the defendant, who was convicted of mail fraud, failed to show by clear and convincing evidence that he did not pose an economic danger to the community and holding that danger may encompass pecuniary or economic harm). Indeed, the evidence shows that Mr. Shabazz has a history of committing crimes of fraud and deceit in eastern and western states and of using aliases. Therefore, because Mr. Shabazz has failed to satisfy the first *Miller* requirement, his Motion for Release Pending Appeal (Doc. 142) will be denied.

## **CONCLUSION**

For the reasons stated above, Mr. Shabazz's Motion for Release Pending Appeal (Doc. 142) will be denied. An appropriate order follows.

| | |
|---|---|
| May 23, 2013 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |